# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AERUS LLC,<br><br>     Plaintiff,<br>v.<br><br>PROTEAM, INC.,<br><br>     Defendant.<br>_____ | Civil No: 05-CV-1065-B(WMC)<br><br>**ORDER DENYING DEFENDANT PROTEAM'S MOTION FOR RECONSIDERATION OF ORDER DENYING ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF AERUS' PATENT INFRINGEMENT CLAIM** |

## I. INTRODUCTION

Before the Court is Defendant ProTeam, Inc.'s ("ProTeam") Motion for Reconsideration of This Court's April 12, 2007, Order Denying Its Motion for Partial Summary Judgment on Plaintiff Aerus LLC's ("Aerus") Patent Infringement Claim. (Doc. No. 158.) ProTeam argues that the Court erred in finding a genuine issue of material fact as to whether ProTeam infringes Aerus' U.S. Patent No. 4,724,574 ("the '574 patent"), because ProTeam's Accused Product (1) does not meet a claimed limitation in the patent

1 since no equivalent structure exists in the Accused Product; and (2) does not infringe under
2 the doctrine of equivalents since the Accused Product does not accomplish substantially the
3 same function in substantially the same way to obtain substantially the same result.

4 Based on the reasoning set forth below, the Court **DENIES** ProTeam's Motion.

## II.  BACKGROUND

On April 12, 2007, the Court issued an Order Denying Defendant's Motion for Summary Judgment on Aerus' Patent Infringement Claim.  (Doc. No. 151.)  As the Court stated in that Order, ProTeam had moved for partial summary judgment on two grounds: "(1) the '574 patent is invalid under 35 U.S.C. § 102(b) based on the public use/on-sale bar; and (2) ProTeam's vacuums do not infringe because they do not meet each and every limitation of the asserted claim 1."  (Id. at 3.)

The Court denied ProTeam's motion as to invalidity, holding that "without corroboration, Mr. Luisi's deposition testimony [as to sale/public use one year prior to the filing of the '574 patent] is insufficient to meet the clear and convincing burden for invalidity under the on sale/public use bar."  (Id. at 5.)  The Court also denied ProTeam's motion as to infringement, finding that there remained a genuine issue of material fact as to whether ProTeam's vacuum had an equivalent corresponding structure as to claim 1 of the '574 patent.  (Id. at 6.)  ProTeam presently moves this Court for reconsideration as to the Court's holding as to this second ground for moving for partial summary judgment.

## III.  DISCUSSION

### A.  STANDARD OF LAW: Motion for Reconsideration

ProTeam makes the present Motion under Civil Local Rule 7.1(i)(1), which states:

> Whenever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, or has been granted conditionally or on terms, and a subsequent motion or application or petition is made for the same relief in whole or in part upon the same or any alleged different state of facts, it shall be the continuing duty of

> each party and attorney seeking such relief to present to the judge to whom any subsequent application is made an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

CivLR 7.1(i)(1).

A district court's denial of a motion for reconsideration is reviewed by the Federal Circuit under the standard of review used by the governing regional circuit, in this case the Ninth Circuit. See Bd. of Trs. of Bay Med. Ctr. v. Humana Military Healthcare Servs., Inc., 447 F.3d 1370, 1374 (Fed. Cir. 2006). The Ninth Circuit has held that Federal Rule of Civil Procedure 59(e) "permits a district court to reconsider and amend a previous order." Carroll v. Nakatini, 342 F.3d 934 at 945 (9th Cir. 2003). However, the Ninth Circuit qualifies that the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Id. (internal quotations omitted).

Specifically, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Id. (quoting Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)); see Brooks v. Alameda, No. 04CV2069, 2006 WL 3068855, at *1 (S.D.Cal. Oct. 11, 2006) (applying the same standard for motions for reconsideration brought under Civil Local Rule 7.1 and under the Federal Rules). The Ninth Circuit concludes that a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll, 342 F.3d at 945. Furthermore, any newly discovered evidence should be "of such magnitude that production of it earlier would have been likely to change the disposition of the case." Response Time, Inc. v. Hartford Fire Ins. Co., 97 Fed.Appx. 726, 728 (9th Cir. 2004).

**B.    ANALYSIS**

Case 3:05-cv-01065-IEG-LSP   Document 193   Filed 08/08/07   PageID.4531   Page 4 of 8

As the Court stated in its Order Denying Defendant's Motion for Summary Judgment on Aerus' Patent Infringement Claim,

> ProTeam also moves for partial summary judgment that its vacuums do not infringe claim 1 of the '574 patent because they do not meet the claim limitation of a "means for retaining said body closure in a closed position."

(Doc. No. 151 at 5.)  ProTeam moved for summary judgment of non-infringement on the grounds that its Accused Product does not literally infringe the '574 patent.  ProTeam did not make any arguments as to the doctrine of equivalents.

The Court explained the relevant standard of law:

> "Literal infringement of a means-plus-function claim limitation requires that the relevant structure in the accused device perform the identical function recited in the claim and be identical or equivalent to the corresponding structure in the specification."  <u>Applied Medical Resources Corp. v. U.S. Surgical Corp.</u>, 448 F.3d 1324, 1333 (Fed. Cir. 2006).  A structure is an equivalent if to [sic] the disclosed structure if "the two perform the identical function in substantially the same way, with substantially the same result."  <u>Id.</u>

(<u>Id.</u>)

The Court denied ProTeam's motion as to infringement, finding that there remained a genuine issue of material fact as to whether ProTeam's vacuum had an equivalent corresponding structure as to claim 1 of the '574 patent.  (<u>Id.</u> at 6.)  ProTeam presently moves this Court for reconsideration as to the Court's holding as to this second ground for moving for partial summary judgment.

As stated above, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  <u>Carroll</u>, 342 F.3d at 945.

**1.     No Intervening Change in the Controlling Law**

ProTeam does not argue, nor has the Court found, an intervening change in the controlling law as to literal patent infringement between April 12, 2007, when the Court issued the Order in dispute, and now.  The Court therefore turns to the second possible

4                                    05-CV-1065-B (WMC)

grounds for a successful motion for reconsideration.

### 2. No Newly Discovered Evidence That Could Not Reasonably Have Been Discovered Earlier and That Would Likely Change the Disposition of the Order at Issue

As stated above, the Ninth Circuit has held that a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll, 342 F.3d at 945. Furthermore, any newly discovered evidence should be "of such magnitude that production of it earlier would have been likely to change the disposition of the case." Response Time, Inc. v. Hartford Fire Ins. Co., 97 Fed.Appx. 726, 728 (9th Cir. 2004).

ProTeam has not presented any newly discovered evidence, nor does it argue that such newly discovered evidence exists, that could not reasonably have been discovered earlier and that would likely change the disposition of the Court's Order as to literal infringement. We therefore turn to the third grounds for a successful motion for reconsideration.

### 3. No Clear Error in Disputed Order

#### a. Literal Infringement

ProTeam argues that "[c]ontrary to the Court's ruling, ProTeam's accused devise [sic] does not literally infringe Aerus' patent since it does not meet the claimed limitation in the patent because it does not include a 'structural equivalent' to the limitations found in Aerus' patent." (Def's Br. at 1.)

In the Court's Order at issue, it laid out the relevant claim construction language:

> The Court construed the limitation at issue, "means for retaining said body closure in a closed position" to have the function "to retain the body closure assembly in a closed position," and to have the structure described at column 4 lines 62-65 and in Figure 9 of the '574 patent. The lines at column 4 states: "The hollow handle 206 also has surfaces defining an opening 232 for receiving a projection 234 of the latch 200 and normally lock the cover assembly 112 in the closed position."

(Doc. No. 151 at 5.)

In ProTeam's underlying Motion for Partial Summary Judgment, ProTeam argued no literal infringement as follows:

> ProTeam's upright vacuum does include a similar handle assembly having a hand grip portion and a hollow elongated tube. However, the ProTeam vacuum adds an additional "multifunctional" element called a "carry handle" to the back of the vacuum that is not shown, described, or contemplated in the '574 Patent. This carry handle includes a support that a user can grab to carry the vacuum or can be used to hang the vacuum on a wall for storage. It is this separate carry handle that includes a pair of holes that receive a pair of corresponding spring loaded prongs to lock the bag housing cover to the bag housing. SSOF [ProTeam's Separate Statement of Undisputed Facts], ¶ 17. Thus, ProTeam's vacuums do not infringe claim one because they do not have an opening <u>in the hollow elongated tube</u> that accepts a prong to keep the bag housing cover in a closed position:

(Doc. No. 108 at 15.)

However, the Court reasoned in its Order:

> ProTeam contends that its vacuums do not have this structure because its vacuums use a carry handle attached to the hollow tube handle and the carry handle has a pair of holes to receive the spring-loaded prongs to lock the bag housing cover to the bag housing, rather than having any openings in the hollow handle as shown in the '574 patent. Aerus argues in response that the Court's construction is not limited to a hole contained within the hollow tube. It argues that "surfaces" should include any openings along the same plane of the hollow handle tube that accomplish the same function.
>
> Under the means-plus-function language of the claim, ProTeam's vacuum does not meet the corresponding structure identically since the hollow handle itself does not have surfaces defining an opening. However, there is at least a question of fact as to whether the carry handle of ProTeam's vacuum is an equivalent corresponding structure. It appears to perform the same function; it keeps the bag housing cover closed onto the bag housing. It arguably does so in substantially the same way, with substantially the same result. Like the hollow handle structure of the '574 patent, the carry handle of ProTeam's vacuum has holes which receive the prongs from the bag housing cover. When the prongs are inserted in the carry handle's openings, the bag housing cover is held in the closed position. Therefore, with respect to equivalent corresponding structures, there remains a genuine issue of material fact to preclude summary judgment. Thus, ProTeam's motion for partial summary judgment of no infringement is **DENIED**.

(Doc No. 151 at 6.)

In its Order, the Court clearly considered ProTeam's separate carry handle before denying summary judgment of no literal infringement. While the Court acknowledged that the ProTeam carry handle is not structurally identical to that described in the patent, the

1  Court noted that "[l]ike the hollow handle structure of the '574 patent, the carry handle of
2  ProTeam's vacuum has holes which receive the prongs from the bag housing cover.  When
3  the prongs are inserted in the carry handle's openings, the bag housing cover is held in the
4  closed position."  The Court concluded that the ProTeam handle "appears to perform the
5  same function" and "arguably does so in substantially the same way, with substantially the
6  same result."

7  ProTeam mistakenly argues that the Court has confused the legal standard for
8  "structural equivalence" with respect to literal infringement with that for infringement
9  under the doctrine of equivalents.  However, the Federal Circuit has explicitly stated that
10 "[l]iteral infringement of a means-plus-function claim limitation requires that the relevant
11 structure in the accused device perform the identical function recited in the claim and be
12 identical or equivalent to the corresponding structure in the specification."  Applied Med.
13 Res. Corp., 448 F.3d at 1333 (citing Lockheed Martin Corp. v. Space Sys./Loral, Inc., 324
14 F.3d 1308, 1320 (Fed. Cir. 2003)).  The Federal Circuit then specifies that "[o]nce the
15 relevant structure in the accused device has been identified, a party may prove it is
16 equivalent to the disclosed structure by showing that the two perform the identical function
17 in substantially the same way, with substantially the same result."  Id. (citing Kemco Sales,
18 Inc. v. Control Papers Co., 208 F.3d 1352, 1364 (Fed.Cir.2000)).  This is exactly the legal
19 standard applied by the Court in its Order Denying Partial Summary Judgment, and the
20 Court finds that ProTeam's argument here is without merit.

21 Therefore, based on the evidence and arguments presented by ProTeam in its
22 underlying Motion for Partial Summary Judgment, the Court **FINDS** that it committed no
23 clear error in holding that "there remains a genuine issue of material fact to preclude
24 summary judgment" as to whether the ProTeam handle is structurally equivalent and
25 therefore as to whether the ProTeam vacuum literally infringes the '574 patent.

26 **b.     Doctrine of equivalents**
27 ProTeam also asserts that "contrary to the Court's ruling, ProTeam's accused device

28

does not infringe Aerus' patent under the doctrine of equivalents, since it does not perform substantially the same function, in substantially the same way, to obtain substantially the same result as described in the Aerus patent." (Def's Br. at 1.) However, the Ninth Circuit has held that a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll, 342 F.3d at 945.

ProTeam could have, but did not, raise infringement under the doctrine of equivalents in its original Motion for Partial Summary Judgment. Furthermore, the Court's Order in dispute does not address the issue of infringement under the doctrine of equivalents. Therefore, the Court **FINDS** that this issue is not appropriate for a motion for reconsideration.

Since ProTeam has not met the standard for motions for reconsideration as set forth by the Ninth Circuit, the Court **DENIES** ProTeam's present Motion.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** ProTeam's Motion for Reconsideration of This Court's April 12, 2007, Order Denying Its Motion for Partial Summary Judgment on Aerus' Patent Infringement Claim.

**IT IS SO ORDERED**

DATED: August 8, 2007

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc: Hon. William McCurine, Jr.
United States Magistrate Judge

All Counsel of Record