1
2
3
4
5
6
7
8

9               **UNITED STATES DISTRICT COURT**

10             **SOUTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| **AERUS LLC,** | **Civil No:** 05CV1065-B (WMc) |
|     **Plaintiff,** | |
| **v.** | **ORDER ON PROTEAM'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON UNFAIR COMPETITION CLAIMS AND AERUS' MOTION TO STRIKE** |
| **PROTEAM, INC.,** | |
|     **Defendant,** | |
| _____ | |
| **AND RELATED COUNTERCLAIMS** | |
| _____ | |

19          Defendant ProTeam, Inc. ("ProTeam") moves the Court for partial summary

20  judgment on the unfair competition claims Counts VI and IX put forward by Plaintiff

21  Aerus, LLC ("Aerus").  Additionally, Aerus has moved to strike ProTeam's reply brief

22  for the instant motion and supplemental documents submitted in support thereof as

23  untimely filed and served.  For the reasons herein, the Court **GRANTS-IN-PART** and

24  **DENIES-IN-PART** both motions.

25  **I.      FACTUAL BACKGROUND**

26          Aerus (formerly known as Electrolux) sells cleaning products and services,

27  including a line of upright vacuum cleaners to commercial distributors. Defendant

28                                          1

ProTeam sells floor care products, including vacuum cleaners, to the janitorial and sanitation industry.  In the period between 2000-2001, when ProTeam sold back-pac and hip-vac models of vacuum cleaners, but not upright models, Aerus approached ProTeam with a potential relationship whereby ProTeam would sell Aerus' upright models.  In July 2001, the two companies entered a marketing agreement to this effect.  In spring 2003, Aerus informed ProTeam that it was terminating the agreement and on May 12, 2003, the companies signed a termination, transition and release agreement.  In summer 2004, ProTeam introduced onto the market its own line of upright vacuum cleaners, ProForce 1500 and 1500 XP.

In September 2004, Aerus brought suit against ProTeam alleging patent infringement, trade dress infringement (under federal law and state law), common law unfair competition and breach of contract.  Aerus filed its original complaint in the Northern District of Texas.  On May 9, 2005, the Texas court granted ProTeam's motion to transfer venue to this Court.  In 2006-2007, Aerus amended its complaint several times; presently pending is its Third Amended Complaint filed on March 13, 2007, which includes allegations of patent infringement, trade dress infringement (under federal and state law), common law unfair competition, breach of contract, unjust enrichment, intentional interference with prospective economic relations, false advertising, fraudulent inducement and violation of California Business and Professions Code § 17200.

In March 2007, ProTeam moved this Court for summary judgment on Aerus' trade dress and patent infringement claims.  The Court denied ProTeam's motion on the patent infringement claim, finding issues of material fact remained.  The Court granted ProTeam's motion on the trade dress claim because Aerus failed to demonstrate a material issue of fact on the essential element of non-functionality.  The Court found that the elements of Aerus' purported trade dress were simply a compilation of functional features and therefore, not protectable under the Lanham Act.  Aerus moved

05cv1065

for reconsideration of the Court's order granting summary judgment on trade dress

infringement; this motion was denied.

## II.   STANDARD OF LAW

Federal Rule of Civil Procedure 56(c) provides that summary judgment is

appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law."  In

considering the motion, the court must examine all the evidence in the light most

favorable to the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257

(1986).  If the Court is unable to render summary judgment upon an entire case and finds

that a trial is necessary, it shall if practicable grant summary adjudication for any issues

as to which, standing alone, summary judgment would be appropriate.  Fed. R. Civ. P.

56(d).

When the moving party does not bear the burden of proof, summary judgment is

warranted by demonstration of an absence of facts to support the non-moving party's

case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Summary judgment must be

granted if the party responding to the motion fails "to make a sufficient showing on an

essential element of her case with respect to which she has the burden of proof."  Id. at

323.

## III.   ANALYSIS

### A.   Procedural Issue - Aerus' Motion to Strike ProTeam's Reply

The instant motion for partial summary judgment was originally calendared for

hearing August 13, 2007.  As such, pursuant to Local Rule 7.1, ProTeam's reply brief

was due to the Court and to be served on the opposing party five court days prior, on

August 6.  ProTeam, however, served and filed its reply brief on August 7.  It then

attempted to file additional supporting documentation for its reply on August 8.  In

response, Aerus moves to strike ProTeam's reply and supporting documentation.

It is within the Court's discretion to decide whether untimely documents should be considered.  As further discussed herein, the Court reviewed ProTeam's reply.  In doing so, this consideration led to no prejudice against Aerus because the Court did not consider any arguments therein which were not first raised in ProTeam's opening brief.  See Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1514 n.6 (9th Cir. 1994) (noting that an issue first raised in a reply brief is ordinarily not considered out of fairness to the non-moving party who has had no chance to respond).  The Court, however, rejected the supplemental documents to ProTeam's reply, finding it to be unnecessary as well as untimely.  Therefore, to this extent, Aerus' motion to strike is **DENIED-IN-PART** (as to the reply brief) and **GRANTED-IN-PART** (as to new arguments raised in the reply brief and as to the supplemental documents).

## B.    The Motion for Partial Summary Judgment

The instant motion concerns state law claims related to unfair competition, in particular Count VI - unfair competition under California state law[1] - and Count IX - violation of California Business and Professions Code § 17200.  ProTeam moves for partial summary judgment on these claims.

### 1.    Federal Preemption

Based on the Court's earlier ruling that Aerus' asserted trade dress is only a combination of functional features not protectable under trade dress law, ProTeam now argues that any state law protection which Aerus seeks for its products would be preempted by federal patent law.

"Federal patent and copyright laws limit the states' ability to regulate unfair competition."  Summit Mach. Tool Mfg. Corp. v. Victor CNC Systems, Inc., 7 F.3d 1434, 1439 (9th Cir. 1993).  A plaintiff's state law claim must be "qualitatively different from a copyright or patent infringement claim" or else it is preempted.  Id. at 1440.  This

---

[1] Aerus has agreed to dismiss with prejudice its claim in Count VI for unfair competition under Texas law.  (Aerus Opp. Br. at 6 n.4.)

1   still leaves room for many other types of unfair competition types of claims. "States may

2   protect businesses in the use of their trademarks, labels, or distinctive dress in the

3   packaging of goods so as to prevent others, by imitating such markings, from misleading

4   purchasers as to the source of the goods." Bonito Boats, Inc. v. Thunder Craft Boats,

5   Inc., 489 U.S. 141, 154 (1989).

6       To the extent Aerus seeks simply to prevent ProTeam from copying the functional

7   features of its vacuum, this claim is preempted by federal patent law. Summit, 7 F.3d at

8   1440. However, Aerus' unfair competition claims are based upon ProTeam's alleged

9   "palming off" of ProTeam's products as those of Aerus by ProTeam's advertising and

10   marketing of vacuums identical to Aerus' products, and deceiving and intentionally

11   misleading consumers as to source. These palming off claims go beyond federal patent

12   law; patent law does not include the element of consumer confusion as to the origin of a

13   product. Summit, 7 F.3d at 1441.[2] Thus, these claims are not preempted and ProTeam's

14   motion is **DENIED** on this ground.

15       **2.   The Merits of Aerus' Unfair Competition Claims**

16       ProTeam next argues that even if Aerus' unfair competition palming off claims

17   are not preempted, these claims should fail for the same reason as the failure of Aerus'

18   trade dress claims.

19       Not all "palming off" claims rely on trade dress infringement. To the extent such

20   claims are based in trade dress infringement however, they require the same elements as

21   those set out in the Lanham act. Bonito Boats, Inc. v. Thunder Craft Boats, Inc., 489

22   U.S. 141, 157-158 (1989); Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1362

23   (9th Cir. 1985); Lifshitz v. Walter Drake & Sons, Inc., 806 F.2d 1426, 1429 (9th Cir.

24   1986). The Court has already ruled that Aerus' asserted trade dress does not meet these

25

26       [2] While such a claim would be actionable under state law unfair competition laws and the
    federal Lanham act, this duality does not create a preemption issue; state claims are not preempted by
27   the Lanham act. See Bonito Boats, 489 U.S. at 154.

28

05cv1065

requirements.  Therefore, ProTeam's summary judgment motion is **GRANTED** as to any of Aerus' unfair competition claims which rest solely on allegations of trade dress infringement.

Beyond these trade dress-based allegations however, Aerus' unfair competition claims also rely on an implied theory of palming off.  These claims are based on false advertising by ProTeam including the use of testimonials from Aerus' customers on Proteam's advertising materials, at trade shows and on ProTeam's website.  This type of unfair competition claim does not require a protectable trade dress.  <u>International Order of Job's Daughters v. Lindeburg and Co.</u>, 633 F.2d 912, 915 (9th Cir. 1980) (trademark and trade dress infringement are only a subset of the actionable conduct under unfair competition law).[3]  The Court's previous order on Aerus' trade dress claims does not affect these implied palming off claims.  As such, there remains at least an issue of fact as to unfair competition claims that are based on a theory of implied palming off.  Proteam's summary judgment motion is therefore **DENIED** on this ground.

### 3. Remedies under Bus. & Prof. Code § 17200

As a final ground for summary judgment, ProTeam contends that Count IX of Aerus' complaint cannot be maintained because it fails to plead any damages caused by a violation of Bus. & Prof. Code § 17200.  According to ProTeam, Aerus' expert failed to offer any opinion on damages suffered by Aerus.  In response, Aerus argues that section 17200 provides for injunctive relief, the remedy which Aerus is seeking.  (Third Amended Complaint ¶ 91 M.)   Although ProTeam for the first time in its reply brief argues that an injunction is not warranted because, according to ProTeam's Director of Marketing, the offending conduct has ceased, this late argument again does not provide

---

[3] Additionally, while ProTeam now argues that these claims also should not stand because any false advertising it may have done ended in May 2005, this argument is only first raised in its reply brief.  As discussed herein, the Court does not consider this argument as Aerus has not been given a chance to present its evidence in response.  <u>See</u> <u>Fox v. Citicorp Credit Services, Inc.</u>, 15 F.3d 1507, 1514 n.6 (9th Cir. 1994).

05cv1065

Aerus an opportunity to respond and is therefore not considered.  Alternatively, even in light of this argument, Plaintiff still has a basis for injunctive relief.  <u>See</u> Cal. Bus. & Prof. Code § 17203 ("Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined."). Hence, there remains a question of fact as to an available remedy for Aerus' unfair competition claims and ProTeam's motion for summary judgement on this ground is **DENIED**.

## IV.   CONCLUSION

For the reasons herein, Aerus' motion to strike ProTeam's reply is **DENIED-IN-PART** and **GRANTED-IN-PART**.  ProTeam's motion for partial summary judgment on Counts VI and IX of Aerus' Third Amended Complaint is **GRANTED** only as to any of Aerus' unfair competition claims based solely on trade dress infringement and **DENIED** as to the remainder of Aerus' unfair competition claims.

**IT IS SO ORDERED**.

DATED:  August 13, 2007

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc:      Hon. William McCurine
         United States Magistrate Judge

         All Counsel of Record

7

05cv1065